**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| CHARLES BALLARD, | : | Case No. 3:26-cv-00085 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ZACH BROWN, *et al*., | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Charles Ballard recently submitted a *pro se* Complaint and related documents to this Court. He alleges that his employment was wrongfully terminated because of an unverified and false rumor that Defendants repeated about him. Invoking this Court's diversity of citizenship jurisdiction, Plaintiff asserts claims of defamation and intentional and negligent emotional distress. (Doc. No. 1-1.)

This case[1] has been assigned to District Judge Thomas M. Rose. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's General Order No. DAY 22-01.

---

[1] It appears that Plaintiff has filed four cases in this Court:

1. *Ballard v Ohio Elections, et al.,* Case No. 3:25-cv-00008-TMR-CHG
2. *Ballard v. United States Congress*, Case No. 3:25-cv-00306-MJN-CHG
3. *Ballard v. Ohio Secretary of State, et al.*, Case No. 3:25-cv-00308-TMR-PBS
4. *Ballard v. Brown, et al*., Case No. 3:26-cv-00085-TMR-CHG

This case is the fourth case. It does not appear that this case is related to the others as contemplated in S.D. Ohio Civ. R. 3.1(b).

Currently pending before the undersigned Magistrate Judge is Plaintiff's Application to proceed *in forma pauperis* and without prepaying the fees to file the case. ("IFP Application," Doc. No. 1 at PageID 1-3.) For the following reasons, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application and order him to pay the fees to file this case.

Plaintiff currently has sufficient funds available to pay the filing fee. He states in his IFP Application that he has "$ 3K" in cash on hand or money in an account. (Doc. No. 1 at PageID 3.) *See Boykins v. Comm'r of Soc. Sec.*, No. 2:21-cv-2403, 2021 U.S. Dist. LEXIS 90454, at *3 (S.D. Ohio May 12, 2021) (recommending denial of IFP, in part because "Plaintiff's cash on hand or in an account, plus his monthly income, is enough to pay the filing fee.").

In addition, Plaintiff is employed and also receives significant monthly income from the U.S. Air Force. (*Id.* at PageID 2.) Although Plaintiff did not provide the amount of his employment income in this IFP Application,[2] this Court recently discussed Plaintiff's income and expenses in another case:

> Plaintiff indicates that his total yearly income from all sources is $132,344.00, and he expects to receive an inheritance of $10,000 within the next six months. *Id.* at 25, 27. Plaintiff lists all of his monthly expenses and indicates that his total monthly expenses are $6,403.00. *Id.* at 29. However, Plaintiff then lists additional expenses and debt payments. *Id.* at 30. If these are added to Plaintiff's prior total, his monthly expenses total $8,104.63. *See id.* …
>
> Plaintiff's *in forma pauperis* application and supplemental memorandum do not demonstrate that paying the one-time filing fee of $405.00 would be an

---

[2] In another case, Plaintiff stated that his employment income (from the same employer) was $5,416 per month. (*See* Doc. No. 1 at PageID 2 in Case No. 3:25-cv-306.)

undue hardship. Based on Plaintiff's supplemental memorandum, it appears that he earns approximately $11,028.67 per month. His expenses appear to total approximately $8,104.63 per month. In other words, based on the information given, <u>Plaintiff's monthly income significantly exceeds his monthly expenses.</u> Based on the foregoing, the undersigned finds that Plaintiff has not shown that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself.

*Ballard v. Ohio Secretary of State*, No. 3:25-cv-308, 2025 U.S. Dist. LEXIS 208025, at

*3-4 (S.D. Ohio Oct. 22, 2025), *report and recommendation adopted,* 2025 U.S. Dist.

LEXIS 222535 (Nov. 12, 2025) (emphasis added).

This Court has twice denied Plaintiff *in forma pauperis* status after reviewing his

applications.[3] Plaintiff was ordered to pay the filing fees in two other cases, and recently

paid them. *See Ballard v. United States Congress*, No. 3:25-cv-00306; *Ballard v. Ohio*

*Secretary of State, et al.*, No. 3:25-cv-00308 (fees paid in both on January 14, 2026).

Plaintiff's payments undercut any argument that he cannot afford to pay the filing fees.

In sum, Plaintiff's IFP Application in this case fails to demonstrate that, because

of Plaintiff's poverty, he is unable to pay for the costs of this litigation and still provide

the necessities of life for himself and his dependents. The undersigned therefore

**RECOMMENDS** that the Court **DENY** Plaintiff's IFP Application (Doc. No. 1) and

order him to pay $405 to proceed in this case.

Plaintiff is advised that failure to pay the filing fee may result in a Report and

Recommendation to the District Judge that this matter be dismissed for lack of

---

[3] In the remaining case, *Ballard v Ohio Elections, et al.*, No. 3:25-cv-00008, the Court denied Plaintiff's IFP application as moot when it dismissed the case for lack of standing. (*See* Doc. No. 5 in Case No. 3:25-cv-00008.)

prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

**IT IS SO RECOMMENDED.**

*s/ Caroline H. Gentry*

Caroline H. Gentry
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).