**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| CHARLES BALLARD, | : | Case No. 3:26-cv-00085 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ZACH BROWN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER WITHDRAWING REPORT AND RECOMMENDATION

The undersigned Magistrate Judge recently issued a Report and Recommendation concerning the filing fee and Plaintiff's Application to proceed *in forma pauperis*. (Doc. No. 2.) Specifically, the undersigned recommended "that the Court **DENY** Plaintiff's IFP Application and order him to pay the fees to file this case." (*Id*. at PageID 24.)

Shortly thereafter, on April 14, 2026, Plaintiff paid in full the fees to file this case. (Doc. No. 4.) His Application to proceed *in forma pauperis* (or IFP) is therefore **MOOT**. The undersigned **WITHDRAWS** the previous Report and Recommendation (Doc. No. 2) and **DENIES** Plaintiff's IFP Application (Doc. No. 1) as **MOOT**.

The Clerk of Court has filed Plaintiff's Complaint separately on the docket and issued the four summonses that Plaintiff provided. (Doc. Nos. 5, 6.) The next step in the case is for Plaintiff to serve Defendants with process or obtain a waiver of service. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time

allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."); Fed. R. Civ. P. 4(d) ("Waiving Service"); S.D. Ohio Civ. R. 4.2 (concerning "Service or Waiver of Process").

Plaintiff previously submitted United States Marshals Service forms, perhaps anticipating that a marshal would serve Defendant for him. (*See* Doc. No. 1-4.) However, "[t]he Court is not required to order the United States Marshals Service to serve the defendants in this action because plaintiff is not proceeding *in forma pauperis*." *Syswerda v. Mnuchin*, No. 1:20-cv-471, 2020 WL 12746030, at *1 (W.D. Mich. June 5, 2020) (citing Fed. R. Civ. P. 4(c)(3)). This means that Plaintiff, who is not proceeding *in forma pauperis* here, is responsible for accomplishing service of process (or obtaining a waiver) within the 90-day deadline imposed by Rule 4. *See* Fed. R. Civ. R. 4(m).[1] He should not delay. At this point, the undersigned expects that service on Defendants will be accomplished on or before **July 13, 2026**.

**IT IS SO ORDERED.**

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

---

[1] "**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).