**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Charles Ballard,**

*Plaintiff,*

**v.**

**Case No. 3:26-cv-085**
**Judge Thomas M. Rose**

**Zach Brown,** ***et al.*****,**

*Defendants.*

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. 20), DENYING PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY (DOC. 30), AND TERMINATING CASE**

---

This matter is currently before the Court on Defendants' Motion to Dismiss. (Doc. 20.) Therein, Defendants point out that the Court lacks subject matter jurisdiction over *Pro Se* Plaintiff's complaint. (Doc. 5.)

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994). Pursuant to Rule 12(b)(1), a case will be dismissed if the court lacks jurisdiction over the dispute. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction is not waivable and is fatal to a federal action. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 5, PageID 33.)

Federal courts may exercise jurisdiction under § 1332 only where the amount in controversy exceeds $75,000 and complete diversity exists between all plaintiffs and all defendants. Complete diversity requires that no plaintiff share state citizenship with any defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). Citizenship for diversity purposes is determined by domicile, not residence. *NewmanGreen, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Domicile requires physical presence in a state combined with intent to remain, and it continues until a new domicile is established. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Plaintiff seems to assert that Defendants are diverse by virtue of being members of an Indian tribe. (Doc. 5, PageID 33.) However, tribal members are treated as citizens of the state where they reside for the purpose of establishing diversity jurisdiction under 28 U.S.C. § 1332. *Gilmore v. Salazar*, 748 F. Supp. 2d 1299, 1314 (N.D. Okla. 2010) (citing *Richardson v. Malone*, 762 F. Supp. 1463, 1466 (N.D.Okla.1991).

Sworn declarations submitted here establish that Defendants Zach Brown, Teresa Brumfield, and Dawn Mubaslat are each domiciled in Ohio. (Doc. 20-2, PageID 182; Doc. 20-3, PageID 185; Doc. 20-5, PageID 192.) Accordingly, each is a citizen of Ohio for purposes of § 1332. Because Plaintiff is also a citizen of Ohio, (Doc. 5, PageID 32) complete diversity is lacking, and this Court lacks subject matter jurisdiction.

Plaintiff requests permission to amend his complaint so as to state a federal claim under Title VII. (Doc. 24, PageID 202.) However, under Title VII, "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees …, but such term does not include…an Indian tribe." 42 U.S.C. § 2000e(b)(1). Because no defendant could be

classified as an employer under Title VII, Plaintiff's proposed amendment would be futile. A court may deny a motion for leave to amend when the proposed amendment would be futile. *United States ex rel. Harper v. Muskingum Watershed Conserv. Dist.*, 842 F.3d 430, 439-40 (6th Cir. 2016).

Finally, Plaintiff requests discovery to learn if Defendants' employer, non-party Diné Development Corporation, might have expressly waived sovereign immunity in a contract underlying Plaintiff's work. (Doc. 30, PageID 235.) A district court does not abuse its discretion in denying jurisdictional discovery when a plaintiffs can only "speculate" that documents "might" contain information relevant to jurisdiction. *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (citing *A.O. Smith Corp. v. United States*, 774 F.3d 359. 369–70 (6th Cir. 2014). Plaintiff's Motion for Discovery (Doc. 30) will, thus, be denied.

Because the named parties are not diverse, **GRANTS** Defendants' Motion to Dismiss. (Doc. 20.) Because Plaintiff's proposed amendment would be futile, leave to amend is **DENIED**. Because it requests a purely speculative basis for suing a non-party, Plaintiff's Motion for Discovery, Doc. 30, is **DENIED**. All claims having been dismissed, the Clerk is **ORDERED** to **TERMINATE** the instant case on the docket of the United States District Court for the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, August 19, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE