**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Charles Ballard,**

*Plaintiff,*

**v.** **Case No. 3:26-cv-085**
**Judge Thomas M. Rose**

**Zach Brown, *et al.*,**

*Defendants.*

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DOC. 35) AND DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT FOR LEAVE TO FILE A PROPOSED AMENDED COMPLAINT AND FOR LIMITED JURISDICTION (DOC. 36)**

---

This matter is currently before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. 35) and Plaintiff's Motion to Alter or Amend Judgment for Leave to File a Proposed Amended Complaint and for Limited Jurisdiction. (Doc. 36.) The Motion to Alter or Amend Judgment seeks to revisit the Court's finding that it lacks jurisdiction over Plaintiff's Complaint, while the other motion seeks to revisit the Court's decision denying discovery that Plaintiff asserts might uncover grounds for this Court to exercise jurisdiction.

The Court will revisit its prior judgment, if only to address Defendants' alternative argument for dismissal: that statutes of limitation bar all of Plaintiff's asserted claims. Should a reviewing court disagree with this Court's determination of jurisdiction, it would be incumbent

upon this Court to determine Defendants' statute of limitations defenses. As that would independently be appealable, in the interest of judicial economy and because the Court's determination of that question adds to the futility of Plaintiff's motion for limited jurisdictional discovery, the Court will address that question after rejecting Plaintiff's requested relief.

Federal Rule of Civil Procedure 59(e) provides authority for a motion to amend judgment. For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe* [*of Chippewa Indians v. Engler*, 146 F.3d 367], 374 [(6th Cir. 1998)], newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis* [*by Davis v. Jellico Cmty. Hosp. Inc.*], 912 F.2d 129, 133 [(6th Cir. 1990)]; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. *See ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.*, 903 F. Supp. 1181, 1191 (W.D. Mich. 1995) (and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *accord Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011) (*quoting Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to re-argue a case. *Sault Ste. Marie Tribe*, 146 F.3d at 374. Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.*; *McBride v. Skipper*, 76 F.4th 509 (6th Cir. 2023); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("[A] petitioner fil[ing] a Rule 59(e) motion . . . may request only that the district court reconsider matters actually raised before it. This is because, as this court has repeatedly held, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment").

Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id*. In ruling on a Fed. R. Civ. P. 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citing 11 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); *accord Exxon Shipping Co. v. Baker*, 554 U. S. 471, 485-86 n.5 (2008)).

Reviewing Plaintiff's Motions, the Court finds that they depend entirely on arguments made prior to judgment and rejected by the Court. They do not raise any issue not considered by the Court in granting Defendants' Motion to Dismiss (Doc. 20) or in denying Plaintiff's Motion for Limited Jurisdictional Discovery (Doc. 30). (*See* Doc. 32.) The Court will, though, examine a further reason why Plaintiff's Motion for Limited Discovery to Establish Jurisdiction is futile: the fact that his complaint fails to state a claim.

Plaintiff alleges that in October 2024 Defendants accused Plaintiff of being a domestic abuser and that by October 28, 2024, he was terminated from his employment with Defendants. (Doc. 5, PageID 34.) More than 16 months later, on March 13, 2026, Plaintiff filed a complaint

with this Court asserting claims of defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Doc. 5, PageID 35-37.)

Under Ohio law a plaintiff must commence an action for defamation within one year after the cause of action accrues. Ohio Rev. Code § 2305.11(A). A defamation claim accrues upon publication of the alleged defamatory statement to a third party, and Ohio follows the single-publication rule, under which the limitations period runs from the initial publication and is not extended by continuing reputational harm or subsequent consequences. *See Friedler v. Equitable Life Assur. Soc'y of the U.S.*, 86 F. App'x 50, 54-55 (2003); *Gentile v. City of Solon*, No. 1:12-cv-1657, 2013 WL 123621, at *2-3 (N.D. Ohio Jan. 9, 2013).

Here, Plaintiff alleges that the alleged defamatory statement that Plaintiff was a "domestic abuser" was made in or about October 2024 in connection with his termination. (Doc. 5, PageID 33-34.) Plaintiff further alleges that his termination occurred on October 28, 2024. (*Id.*) Accepting these allegations as true, the latest possible accrual date for the defamation claim is October 2025. The one-year limitations period expired before this action was filed. Because the alleged publication occurred in October 2024, the statute of limitations expired, at the latest, in October 2025. Plaintiff did not file this action until March 13, 2026, outside the one-year statutory period. The claim is therefore untimely as a matter of law. Because the Complaint establishes on its face that the alleged publication occurred outside the limitations period, Plaintiff's defamation claim is barred by Ohio Rev. Code § 2305.11(A) and would be dismissed with prejudice.

Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress also fail to state a claim upon which relief can be granted and are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). "[T]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff asserts intentional infliction of emotional distress and negligent infliction of emotional distress claims in collective and conclusory terms, improperly attributing alleged conduct to "Defendants" as a group without identifying any specific statements, actions, or conduct attributable to any individual Defendant. Such undifferentiated group pleading does not satisfy Federal Rule of Civil Procedure 8 or the plausibility standard required under *Twombly* and *Iqbal*. *See Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) (recognizing dismissal is appropriate where allegations are insufficiently particularized as to individual defendants).

Nor does Plaintiff plead factual content that, if true, would satisfy the stringent elements required for either intentional infliction of emotional distress or negligent infliction of emotional distress under applicable law. Plaintiff's intentional infliction of emotional distress claim independently fails because Ohio law, as applied in federal court, imposes a high burden requiring conduct that is so extreme and outrageous as to go beyond all possible bounds of decency" and is "utterly intolerable in a civilized community." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The Sixth Circuit has repeatedly affirmed dismissal of intentional infliction of emotional distress claims arising in the employment context where the alleged conduct, even if adverse or wrongful, consists of termination, workplace discipline, or employment-related decisions that do not rise to the level of extreme and outrageous conduct required. *See Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376-77 (6th Cir. 1999). Plaintiff's conclusory allegations arising from his employment separation and related contract removal decisions fall far short of this demanding standard.

Plaintiff's negligent infliction of emotional distress claim likewise fails because the Complaint does not allege facts sufficient to establish a cognizable claim for negligent infliction of emotional distress under Ohio law. To state such a claim, a plaintiff must allege more than emotional distress arising from allegedly wrongful conduct; Ohio law limits recovery to circumstances involving the plaintiff's awareness of actual physical danger to himself or another. *See Doe v. SexSearch.com*, 551 F.3d 412, 415 (6th Cir. 2008) (explaining that, under Ohio law, recovery is generally limited to situations where the plaintiff witnessed or experienced a dangerous accident or appreciated actual physical peril). Ohio law does not permit recovery for negligent infliction of emotional distress based solely on employment-related disputes or other non-physical injuries.

Here, Plaintiff's negligent infliction of emotional distress claim arises solely from Defendants' alleged employment actions, including Plaintiff's separation from employment, removal from a contract, and related communications. The Complaint does not allege that Plaintiff witnessed or experienced a dangerous accident, was exposed to actual physical peril, or was aware of any real physical danger to himself or to another person. Instead, Plaintiff alleges only that Defendants' employment-related decisions caused emotional distress. Such allegations do not satisfy the requirements for a negligent infliction of emotional distress claim under Ohio law and fail to state a plausible claim for relief under Rule 12(b)(6). Accordingly, because Plaintiff pleads only conclusory allegations, fails to attribute conduct to specific Defendants, and fails to allege facts satisfying the elements of either intentional infliction of emotional distress or negligent infliction of emotional distress under applicable law, both claims would be dismissed under Rule 12(b)(6) if the Court determined that it had jurisdiction.

Because Plaintiff fails to state a claim, limited discovery to establish subject matter jurisdiction would be futile. Hence, Plaintiff's Motion to Alter or Amend Judgment (Doc. 35) and Plaintiff's Motion to Alter or Amend Judgment for Leave to File a Proposed Amended Complaint and for Limited Jurisdiction (Doc. 36) are **DENIED**.

All claims having been dismissed, this matter remains **TERMINATED** on the docket of the United States District Court for the Southern District of Ohio, Western District at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, September 03, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE